# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DRILL SOUTH, INC., | ] | |
| Plaintiff(s), | ] | |
| vs. | ] | CV-96-N-2682-S |
| INTERNATIONAL FIDELITY INSURANCE COMPANY, | ] | **ENTERED** |
| Defendant(s). | ] | AUG 27 1998 |

## MEMORANDUM OF OPINION

### I.   Introduction.

This case has taken a circuitous route from this court to the U.S. Court of Appeals for the Eleventh Circuit, and now again, on October 21, 1997, the only remaining defendant in this cause, International Fidelity Insurance Company ("International Fidelity"), appealed to the Eleventh Circuit from this court's order granting judgment in favor of the plaintiff, Drill South, Inc. ("Drill South"), which was entered on September 5, 1997, and from this court's order denying International Fidelity's Motion to Alter, Amend or Vacate Judgment entered on September 30, 1997.

However, because this court, in denying the defendant's Rule 59(e) motion to alter, amend or vacate judgment, specifically reserved for consideration the question whether the court's September 5, 1997, judgment should be altered from the $151,760.30 originally entered to reflect the $71,465.88 (the "set-off" amount) International Fidelity previously paid to Miller Drilling Co., Inc. ("Miller Drilling"), a sub-subcontractor to Drill South, the Eleventh Circuit dismissed the appeal for want of jurisdiction. That court viewed this

132

court's decision to reserve ruling on the potential set-off until briefing of the issue was accomplished as holding International Fidelity's Rule 59(e) motion pending on that issue. As such, International Fidelity's notice of appeal was ineffective to transfer jurisdiction from this court to the court of appeals. *See Fed. R. App. P. 4(a)(4)*. The parties have briefed the remaining question contained in the Rule 59 motion and it is ripe for decision.

**II.     Standard of Review.**

A motion brought under Federal Rule of Civil Procedure 59(e) must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993). As such, a motion to reconsider should raise new issues, not merely readdress issues previously litigated. Furthermore, courts have recognized three (3) grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *See Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). In this case, International Fidelity argues that in ordering a $151,760.30 judgment against it in favor of Drill South, this court erroneously failed to apply a set-off of $71,465.88, which International Fidelity was due. *See International Fidelity's Responsive Brief in Support of Motion to Amend Judgment and In Opposition to Drill South's, Inc.'s, Motion for Attorneys' Fees*, at 1-4.

## III. Discussion.

Miller Drilling, a sub-subcontractor to Drill South, initially filed this action against Drill South, Enviro-Group, Inc. ("Enviro-Group"), the prime contractor, and International Fidelity, as surety, to recover the sum of $71,465.88, plus interest and attorney's fees for certain drilling work undertaken on the Water Treatment System Project, RSA-13 at Redstone Arsenal, Alabama. Drill South, in turn, filed a cross-claim against Enviro-Group and International Fidelity for sums allegedly due and owing under Drill South's subcontract with Enviro-Group.

This court subsequently referred the case to mediation, which was held on May 8, 1997, following this court's entry of separate default judgments against Enviro-Group in favor of Miller Drilling and Drill South. During the May 8 mediation, Drill South confirmed that its judgment against Enviro-Group in the principal amount of $151,760.30 was inclusive of Miller Drilling's $71,465.88 judgment, and that Miller Drilling's judgment was due to be paid in full. *See Affidavit of Thomas L. Selden* ¶3. Apparently based upon this understanding, and Drill South's representations that International Fidelity would receive a credit against the judgment in the principal amount paid to Miller Drilling, International Fidelity proceeded to pay Miller Drilling the full amount of its judgment, plus interest. *See id.*

Drill South, in opposition to International Fidelity's motion for a set-off, argues principally that International Fidelity should be barred from pursuing such an alteration of the court's judgment because International Fidelity "first alleged its entitlement to a set-off in a post-judgment motion, despite numerous opportunities to raise that issue prior to the

3

entry of judgment." *See Drill South, Inc.'s Brief in Support of Motion for Attorney's Fees and in Opposition to International Fidelity Insurance Company's Motion to Amend Judgment*, at 8. This position is not well taken.

International Fidelity first raised its set-off rights in its Answer to Cross-Claim in November of 1996. *See Answer to Cross-Claim*, at 3 (non-paginated). Such rights were raised again in the court's Pretrial Order of June 10, 1997, which was entered after successful mediation of Miller Drilling's claims. In its responsive statement of facts submitted on June 23, 1997, in opposition to Drill South's motion for partial summary judgment, International Fidelity confirmed that Miller Drilling's claim had been paid in full. *See International Fidelity's Responsive Statement of Facts, Additional Undisputed Facts*, Nos. 22-23. Significantly, Drill South, in reply to International Fidelity's Additional Undisputed Facts, acknowledged that "*International Fidelity has paid Miller Drilling the $71,465.88 unpaid balance* of Miller Drilling's invoices to Drill South, plus interest and attorneys fees, which Miller Drilling sought to collect in this suit." *See Drill South's [Reply] to Additional Claimed Undisputed Facts*, No. 23 (emphasis added). And later, Drill South specifically admitted that "*International Fidelity will be entitled to an offset for monies paid Miller Drilling* on Drill South's behalf for labor and materials supplied to the Project." *See id.*, Nos. 36 & 40 (emphasis added).

## IV.  Conclusion.

On this record, the court concludes that International Fidelity is entitled to a credit of $71,465.88 toward the judgment entered on September 30, 1997. International Fidelity's Rule 59(e) motion to alter, amend or vacate judgment, to the extent it seeks an amendment

4

to and reduction of the September 20, 1997, judgment entered in Drill South's favor to the principal sum of $80,294.42, will be granted. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 26th of August, 1998.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE